McKinney, J.,
delivered the opinion of the court.
The question presented by this' record, is in relation to the effect of an amendment during the progress of a suit, changing the form of action from assumpsit to debt, with reference to the application of the statute of limitations.
The action, in its original form, was assumpsit. The summons was issued on the 31st of May, 1853, returnable to the July term of the common law and chancery court of the city of Memphis.
The ground of the action was “two due bills,” not under seal, each bearing date first of June, 1847, and due from date. At the return term of the process, the plaintiff was allowed, by the court, to change the form of the action, and to declare in debt. The leave to amend was granted 22d July, 1853.
The defendant pleaded “in short,” nil debet, statute of limitations, and payment: and on the trial, the issues joined on all the pleas were found in favor of the plaintiff.
In the charge. to the jury, the judge stated in substance, that the court had permitted an amendment of the “writ and declaration,” so as to change the form of the action to debt, and that this amendment had relation back to the issuance of the writ in assumpsit, on the 31st of May, 1853; and that the writ was to be *494 considered as a writ issued in debt on that day; and that if, before that day six years had not elapsed from the falling due of the notes sued on, the jury would find for the plaintiff.
In this instruction, we think there is error. It will be observed, that from the falling due of the notes sued on, the period of six years expired on the day the original summons was sued out; so that, in fact, be-, fore the time when the application to change the form of the action to debt, was made and granted, the statute of limitations had taken effect, and created a bar to an action in that, or any other form.
In this state of the case could an amendment be allowed, the effect of which was designed to be, to revive a cause of action and legal liability, from which the defendant stood discharged by the positive bar of the statute? We think not. It is true, the act of 1852, ch. 152, § 6, is extremely liberal in the allowance of amendments, and it is to be construed so as to give effect to the expressed will and intention of the legislature; still, however, it must be confined within some reasonable and sensible limits.
We are not to suppose that the legislature, in providing a method whereby one party might be relieved, in some degree, against the consequences of his own ignorance or negligence, intended to deprive the other party of the benefit of any legal defence, the right to 'which had become perfect and absolute before the time of the application for such amendment. Possibly, the section •of the act under consideration intended nothing more than to save the party from the expense and delay of a new suit.- If. this be so,, it would seem, as a general rule, *495 that the effect of the amendment ought to be limited to the time when leave to mate it was obtained, so far as the rights of the opposite party are involved. But we feel the difficulty of attempting to define the limit to which the provisions of this statute may be extended, and shall avoid doing so. It is obvious that a good deal must he left to the discretion of the judge, under the peculiar circumstancés of each case that may arise. Nor, in respect to the effect of amendments under this statute, do we intend to lay down any broader principle than the case to be decided calls for.
It may be conceded, that in general, and for most purposes, the amendment in a case like the present, will relate back to the day on which the original process was sued out; but this fiction of relation, cannot be allowed to obtain where it would work injustice to the adversary party, by destroying or taking from him the benefit of an existing legal defence to the action. In a case, therefore, where the time of the commencement of the action may become important, in reference to the statute of limitations, or other matter of defence; the effect of an amendment, changing the form of the action, must be restricted to the time, when from the record, it appears to have been granted. From that time only, in such case, can the plaintiff be regarded as rectus in curia.
This view is, of course, not intended to affect the practice in regard to amendments, not changing “the nature of the action,” as it existed at common law, or by previous statutory regulations at the time of the passage of the act of 1852, and still exists.
Judgment reversed.